IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

AUGUSTUS P. SORIANO                                                    PLAINTIFF

V.                                          CIVIL ACTION NO.: 3:11CV332-DPJ-FKB

TRUSTMARK NATIONAL BANK and
LISA PENCE MCDANIEL                                                    DEFENDANTS

ORDER

    This cause is before the Court on Trustmark National Bank and Lisa Pence McDaniel's

motions to dismiss [7, 9] pursuant to Federal Rule of Civil Procedure 12(b)(6).  Having fully

considered the issues and the parties' submissions in light of the applicable standards, the Court

finds that Defendants' motions should be granted.

I.      FACTS AND PROCEDURAL HISTORY

    Augustus P. Soriano filed suit on January 10, 2011, in the Circuit Court of Hinds County,

Mississippi, based upon events associated with his previously dismissed bankruptcy case.

Soriano generally contends that McDaniel, an accountant retained to assist in the bankruptcy

case, misappropriated funds on deposit with Trustmark and that Trustmark failed to take action.

Trustmark, joined by McDaniel, removed the case pursuant to 28 U.S.C. §§ 1331, 1441, 1446

and 1452 as well as Federal Rule of Bankruptcy Procedure 9027.  Although Soriano never

moved to remand, the Court, *sua sponte*, issued an Order [21] directing the parties to submit

supplemental memoranda regarding the Court's subject-matter jurisdiction under 28 U.S.C. §§

1334 and 1452.  The Court has considered the parties' submissions on subject-matter jurisdiction

and, for the reasons set forth below, finds that jurisdiction is proper.  It therefore considers

Defendants' motions.

II.     ANALYSIS

    A.      Jurisdiction

Defendants premised removal on 28 U.S.C. § 1452—removal of claims related to

bankruptcy case—which reads in pertinent part:

> A party may remove any claim or cause of action in a civil action . . . to the
> district court for the district where such civil action is pending if such district
> court has jurisdiction of such claim or cause of action under section 1334 of this
> title.

Title 28 U.S.C. § 1334 reads in pertinent part:

> (a)     Except as provided in subject (b) of this section, the district court shall
> have original and exclusive jurisdiction of all cases under title 11.

> (b)     Except as provided in subjection (e)(2), and not withstanding any Act of
> Congress that confers exclusive jurisdiction on a court or courts other than
> the district courts, the district courts shall have original but not exclusive
> jurisdiction of all civil proceedings arising under title 11, or arising in or
> related to cases under title 11.

Thus, § 1334(b) contains three subcategories of federal subject-matter jurisdiction which

are referred to as "arising under," "arising in," and "related to" jurisdiction.  *Dubose v.*

*Merchants and Farmers Bank*, 318 F. Supp. 2d 419, 425 (S.D. Miss. 2003).

    Trustmark's Notice of Removal references the "arising under" category of claims.

Defs.'s Not. of Rem. [1] at 2.  And as Defendants note, this entire dispute emanates from alleged

violations of "federal bankruptcy rules, Bankruptcy Court orders, and federal bankruptcy law."

*Id*.  The Court agrees and finds that the matter satisfies the "arising under" prong of § 1334(b).

*See*, *e.g*., *In re Nat'l Gypsum Co.*, 119 F.3d 1056, 1062–64 (5th Cir. 1997).

    Soriano never disputes Defendants' assertion of jurisdiction based on the "arising under"

test and instead seeks remand pursuant to 28 U.S.C. § 1334(c)(2).  That statute requires

abstention in certain cases "related to . . . but not arising under" title 11.  But § 1334(c)(2) has

no application because Soriano's bankruptcy case was dismissed leaving no bankruptcy estate to

which the present action could "relate."  *See Arnold v. Garlock, Inc*., 278 F.3d 426, 434 (5th Cir.

2001).  And even if this case "related to" a bankruptcy case, § 1334(c)(2) remains inapplicable

because it does not apply to cases that meet the "arising under" test—the application of which is

not disputed.  28 U.S.C. § 1334(c)(2).  So for these reasons, and the reasons set forth more

particularly in Defendants' memoranda, subject-matter jurisdiction is proper.[1]

      B.      Motion to Dismiss

      Defendants offer various arguments for dismissal.  After addressing the applicable

standard, the Court will focus attention on two of Defendants' arguments:  (1) that the Complaint

was not sufficiently pleaded; and (2) that the claims are time barred.

      Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in

the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid*

*Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th

Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  That "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).  "Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all

---

[1]Although Soriano seems to invoke abstention, another reading of his memorandum
might suggest an argument that no jurisdiction exists because the case does not "relate to" his
bankruptcy proceedings.  If the later, then he fails to account for jurisdiction pursuant to the
"arising under" prong.

the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555

(citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  It follows that "where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting

Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for

examining the sufficiency of a complaint.  First, the district court may "begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Id.*  Second, "[w]hen there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Regardless, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949

(citing *Twombly*, 550 U.S. at 555).

1.      Failure to State a Claim

Both Trustmark and McDaniel assert that Soriano failed to plead a plausible claim for

relief in his Complaint.  Trustmark characterizes the Complaint as being

> . . . a hodgepodge of rambling allegations.  Plaintiff does not articulate any causes
> of action or plead any elements of any cause of action.  In essence, Plaintiff
> appears to allege that in 2007, monies were wrongfully withdrawn from these
> accounts and that 'Defendants failed to provide an accounting.'  (Citations
> omitted).  He does not identify the particular wrongdoing committed by each
> defendant.  These allegations are insufficient under Rule 12 and United States

4

Supreme Court case law.

Trustmark Mem. Supp. at 6.  The description aptly applies with respect to Trustmark.  In particular, it appears from the bankruptcy record that an order was entered to establish the Trustmark account, that McDaniel and another individual were the sole signatories, and that the bankruptcy court denied Soriano's motion for an accounting—part of the relief he now seeks—finding his conduct as a petitioner "outrageous, at a minimum."[2]  The Complaint provides neither a specific cause of action against Trustmark nor a factual basis supporting a plausible claim in light of these facts.

The claims against McDaniel raise a closer question.  According to the Complaint, McDaniel "misappropriated" funds from the Trustmark account.  Compl. ¶ 23.  The Complaint further avers that McDaniel made unauthorized payments to herself and Soriano's former counsel Craig Geno from funds in the Trustmark account.  *Id*. ¶ 9.  But, as McDaniel notes, the Complaint fails to identify a cognizable cause of action, and it is difficult to determine whether Soriano pleaded the essential elements of a plausible claim.  Regardless, the Court will assume without deciding that the claims against McDaniel were adequately pleaded because the claims against both Defendants otherwise fail.

---

[2]In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.  *See Louisiana ex rel. Guste v. United States*, 656 F. Supp. 1310, 1314 n.6 (W.D. La. 1986), *aff'd*, 832 F.2d 935 (5th Cir. 1987), *cert. denied*, 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988).  Accordingly, the consideration of the bankruptcy pleadings does not convert this motion into one for summary judgment.  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

2.      Soriano's Claims are Time-Barred

Although the precise nature of the claims are not clear from the face of the Complaint, the parties agree that Mississippi's general three-year statute of limitations controls.  Miss. Code Ann. § 15-1-49.  Applied to the January 10, 2011 Complaint, any claims that accrued before January 10, 2008, are time barred.  As discussed below, all of the conduct alleged in the Complaint occurred—and the potential claims accrued—long before that date.

Whatever causes of action Soriano may have intended in the Complaint, there is no dispute that they arise from McDaniel's disbursement of funds from the Trustmark account.  As Soriano stated it, "during the [s]pring/[s]ummer of 2007, large sums of money were paid, under the signature of . . . McDaniel to herself and to [a]ttorney Geno."  [1] Ex. 8 ¶ 10.  He further contended that Defendants wrongfully failed to make an accounting, *id*. ¶¶ 14, 25, conduct that also occurred in 2007.  *See* Mot. to Compel Accounting, Ex. 4 to Def.'s Mot. Dismiss [9].  Thus, the conduct forming the basis of this suit occurred in 2007, several months before the January 2008 statutory window.

In terms of accrual, the Mississippi Supreme Court has "held that for purposes of a statute of limitations, a cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested."  *Fletcher v. Lyles*, 999 So. 2d 1271, 1277 (Miss. 2009) (citations omitted).  "Mississippi law does not require the plaintiff to know with certainty that a cause of action existed; rather, 'he need merely be on notice—or should be—that he should carefully investigate the materials that suggest that a cause probably or potentially exists.'"  *Id.* at 456 (quoting *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 338 n.7 (5th Cir.2000)).

According to Soriano's Complaint, the injury occurred in spring or summer 2007.
According to his bankruptcy pleadings, Soriano obtained actual knowledge of alleged
misappropriation and Defendants' refusal to provide an accounting by October 2007.   *See* Oct.
16, 2007 Mot. to Compel Accounting, Ex. 4 to Def.'s Mot. Dismiss [9] (seeking order
compelling accounting and contending that McDaniel improperly disbursed funds including
funds to herself).[3]   Thus, it is beyond dispute that as early as spring 2007—and not later than
October 16, 2007—Soriano was on notice of McDaniel's withdrawals and refusal to provide the
accounting he again seeks in this case.[4]

Soriano concedes in his Response that "[a]dmittedly, it is not stated that Trustmark . . .
did any affirmative conduct and the [C]omplaint has not alleged conduct within three years of
the of the [C]omplaint filing."  Pl.'s Mem. Resp. [18] at 3.  The Complaint is equally silent as to
any acts by McDaniel within the three-year window.  Nonetheless, Soriano attempts to avoid
dismissal in several ways, none of which are compelling.

First, he contends that filing within three years of the dismissal of his bankruptcy case is
sufficient.  Soriano failed to offer any authority or explanation for this contention, and as
discussed above, the claim accrued long before the petition was dismissed.  The bankruptcy

---

[3]Soriano's Response to Defendants' motions indicates that he had notice even earlier,
having written an April 2007 letter to Trustmark accusing McDaniel of "improperly deplet[ing]
the account."  Pl.'s Mem. [18] at 1.  But that letter is neither referenced in the Complaint nor
reflected in the record.

[4]This is not a latent injury or disease under § 15-1-49(2).  *State Indus. Prods. Corp.*, 575
F.3d 450, 454 (5th Cir. 2009) (finding that commercial dispute did not invoke §15-1-49(2)).  But
even under that rule, "the cause of action accrues once a party discovers its injury-regardless of
whether the party has also discovered the cause of the injury."  *Id.*  Again, Soriano had
discovered the facts forming the basis of this Complaint by the time he filed his Motion to
Compel Accounting in October 2007.

court's Final Decree/Order Closing Case, dated January 10, 2008, is irrelevant in the face of

Soriano's factual assertions dating the alleged misappropriation of funds to the spring and

summer of 2007, more than three years from the filing of the Complaint.

Second,  Soriano requests the opportunity to conduct discovery to determine if the

alleged improprieties continued "somewhat into the year 2008."  There are several problems

with the request.  To begin, Soriano has never filed a motion seeking leave to conduct additional

discovery as required by Local Rule 7(b)(3)(C).  More substantively, the case is before the Court

on Rule 12(b)(6) motions because Soriano failed to allege any acts occurring within the statutory

window.  As such, review is based on the face of the pleadings.

The same issue arose in *Ackerson v. Bean Dredging LLC*, where the Fifth Circuit

affirmed the district court's denial of a plaintiffs' request to conduct discovery after certain

defendants filed a motion for judgment on the pleadings.  589 F.3d 196, 209 (5th Cir. 2009)

(applying Rule 12(b)(6) standard to Rule 12(c) motion).  The *Ackerman* plaintiffs claimed that

they should have been entitled to conduct discovery and obtain contracts between certain

defendants to determine defendants' obligations under the contracts.  *Id.*  The Fifth Circuit

disagreed, stating that

> . . . the 'inquiry focuses on the allegations in the pleadings and not whether
> plaintiff actually has sufficient evidence to proceed on the merits.'  (citations
> omitted).  Because the court is directed to look solely at the allegations on the
> face of the pleadings, discovery would not assist the Plaintiffs in defending the
> 12(c) motion.

*Id.; see also Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007); *Sw. Bell Tel., LP v.

City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (holding that "when deciding, under Rule

12(b)(6), whether to dismiss . . . the court considers, of course, only the allegations in the

complaint.").

In the present case, Soriano admittedly fails to plead any facts suggesting a claim against Trustmark that accrued within the limitations window, and the same is true as to McDaniel. Although he now speculates in response that Defendants may have committed torts "somewhat into 2008," he fails to further explain what either Defendant may have done after the bankruptcy estate was closed in January 2008, and no such allegations are reflected in the Complaint. Review is based on the face of the Complaint, and the request for discovery is denied.[5]

Finally, Soriano also seeks leave to amend his Complaint to allege facts occurring after January 2008. Again there is no motion before the Court seeking such relief as required by Local Rule 7(b)(3)(C). Nevertheless, such a motion would be denied if filed because Soriano's memoranda offer nothing more than speculative and conclusory allegations of conduct in 2008, and his responses amply demonstrate that he lacks a factual basis to plead misconduct occurring within the statutory window.

IV.    CONCLUSION

The Court has considered all arguments raised in the parties' submissions. Those not expressly addressed would not change the rulings.[6] For the reasons stated, the Court finds that

---

[5]To the extent either Defendant committed actionable misconduct, Soriano had more than three years after the denial of his Motion to Compel Accounting to investigate and/or take actions to discover it. As of the filing of his Complaint, no timely misconduct was known or alleged.

[6]For example, Trustmark raised three additional arguments that it claimed were dispositive: (1) Plaintiff failed to comply with Mississippi Code Annotated section 81-5-67; (2) collateral estoppel attached to the bankruptcy court's denial of the Motion to Compel Accounting; and (3) Trustmark is protected pursuant to Mississippi Code Annotated section 91-9-115. Soriano conceded that he did not comply with section 81-5-67, and he failed to address the other two issues. While Trustmark's unrebutted arguments could have merit, it is

Soriano's claims are time-barred and therefore dismissed with prejudice.  A separate judgment

will be entered in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2012.

<u>s/ *Daniel P. Jordan III*     </u>
UNITED STATES DISTRICT JUDGE

---

unnecessary to address them without benefit of response because Trustmark is otherwise entitled
to dismissal.

10